UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61619-CIV-ROSENBAUM/SELTZER

CITIROOF CORPORATION,

        Plaintiff,

v.

HYPOWER, INC.,

        Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS AND DENYING MOTION TO STAY DISCOVERY

This matter is before the Court upon Defendant Hypower, Inc.'s Motion to Dismiss Complaint with Prejudice [D.E. 7] and Defendant Hypower, Inc.'s Motion to Stay Discovery Pending Resolution of Motion to Dismiss [D.E. 14]. Because this Court finds that Maryland law would not bar a claim based on a dismissal solely for improper venue, the Court denies both motions.

### I. BACKGROUND

Plaintiff Citiroof Corporation ("Citiroof") brings this breach-of-contract action against Defendant Hypower, Inc. ("Hypower"), based on a contract between the parties related to the installation of solar-power systems on the roofs of schools in Harford County, Maryland. D.E. 1, ¶¶ 7-9. Hypower was contracted to provide the solar power installations and, in turn, subcontracted with Citiroof to perform certain related roofing work at the schools. *Id.* Citiroof alleges that Hypower breached the subcontract agreement by not paying Citiroof sums it was due for work performed under the subcontract. *Id.* ¶¶ 19, 26, 35, 40.

Originally, Citiroof filed its breach-of-contract action in the Circuit Court of Harford County, Maryland, on November 7, 2011. D.E. 7 at 2. On January 26, 2012, Hypower moved to dismiss Citiroof's Maryland action for improper venue based on a forum-selection clause contained in the parties' contract. D.E. 8-1. After a hearing, the Maryland court granted Hypower's motion and dismissed the Maryland action on June 28, 2012. D.E. 7 at 2; D.E. 7-2. The Maryland court's dismissal order stated that the case was dismissed "with prejudice." D.E. 7-2.

Citiroof did not pursue reconsideration or appeal of the Maryland court's dismissal. D.E. 8 at 4. Instead, Citiroof chose to re-file its Complaint in this Court. D.E. 1. Hypower moves to dismiss Citiroof's current Complaint on the basis that the Maryland order dismissing the case with prejudice precludes Citiroof from bringing this action. D.E. 7.

## II. LEGAL STANDARDS

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). A defendant may raise the defense of *res judicata* in a motion to dismiss for failure to state a claim upon which relief can be granted. *See Starship Enterprises of Atlanta, Inc. v. Coweta Cnty., Ga.*, __ F.3d __, 2013 WL 531113, at *5 n. 13 (11th Cir. Feb. 14, 2013).

Generally, when considering a motion to dismiss, a court is confined to reviewing the

complaint and the exhibits attached to or referenced in it. *See Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007). But a court may also take judicial notice of another court's orders at the motion-to-dismiss stage because those documents are public records "not subject to reasonable dispute" and are "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (citations and internal quotation marks omitted) (affirming district court's consideration of prior court orders when granting dismissal on *res judicata* grounds); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999) (holding that public records filed with the Securities and Exchange Commission may be considered at the dismissal stage).

### III. ANALYSIS

When evaluating whether claims are precluded by the prior order of a state court, federal courts give the order the same preclusive effect, if any, that the law of the state issuing the order would give it. *See* 28 U.S.C. § 1738; *see also Cable Holdings of Battlefield, Inc. v. Cooke*, 764 F.2d 1466, 1473 (11th Cir. 1985) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75 (1984)). Here, the parties do not dispute that the Maryland court previously granted Hypower's motion to dismiss the Maryland action on venue grounds and entered an order dismissing the case with prejudice. D.E. 7; D.E. 7-2; D.E. 8. The question before this Court, then, is whether a Maryland court would completely bar consideration of Citiroof's claim on the merits because the action was originally filed in an improper venue. The Court concludes that it would not.

Maryland's Court of Appeals has held,

> Under Maryland law, the requirements of res judicata or claim preclusion are: 1) that the parties in the present litigation are the same or in privity with the parties to the earlier dispute; 2) that the claim

>  presented in the current action is identical to the one determined in the prior adjudication; and 3) that there was a *final judgment on the merits*.

*Colandrea v. Wilde Lake Cmty. Ass'n, Inc.*, 761 A.2d 899, 910 (Md. 2000) (emphasis added) (citations omitted). Although this Court can find no Maryland case law directly addressing whether a dismissal based on improper venue is considered a "final judgment on the merits" under Maryland law, other Maryland court decisions suggest that it is not.

In *Annapolis Urban Renewal Authority v. Interlink, Inc.*, 405 A.2d 313 (Md. Ct. Spec. App. 1979), Maryland's intermediate appellate court[1] considered whether judgment entered on the preliminary objection of sovereign immunity precluded a subsequent claim. In analyzing that question, the Maryland court focused on whether dismissing the case on sovereign-immunity grounds was a decision on the merits. *Id.* at 316. Although the Maryland court concluded that a decision need not reach all substantive issues of a claim to preclude a later claim, the Maryland court nonetheless distinguished dismissals based on venue. The court first noted that a dismissal based on improper venue or other related jurisdictional defects is not "judgments on the merits" but is given a more "restricted type of res judicata effect." *See id.* at 317. In these situations, "if the jurisdictional deficiency is removed, the substantive claim may be litigated in a subsequent action." *Id.* The court further emphasized,

> When a court dismisses an action because of jurisdictional, procedural, *or venue problems, it is acting for reasons that do not go to the substance of the case*. But, when a court decides that it cannot hear the case because of a legal defense such as sovereign immunity,

---

[1] In applying state law, federal courts are bound to follow intermediate state appellate opinions "unless there is persuasive evidence that the highest state court would rule otherwise." *Bravo v. United States*, 577 F.3d 1324, 1326 (11th Cir. 2009) (citations and internal quotation marks omitted).

> it is deciding that, as a substantive matter, the plaintiff cannot maintain his cause of action.

*Id.* at 318 (emphasis added); *see also N. Am. Specialty Ins. Co. v. Boston Med. Grp.*, 906 A.2d 1042, 1050 (Md. Ct. Spec. App. 2006) (holding that defects in "practice, procedure, or form," including filing in the wrong court, may be corrected in a second lawsuit which allows the cause of action to proceed (quoting John A. Lynch & Richard W. Bourne, Modern Maryland Civil Procedure § 12.2(b)(2) (2d ed. 2004))).

Based on these holdings, the Court concludes that dismissal of a complaint on improper-venue grounds is not a judgment on the merits under Maryland law. To the extent that Maryland courts would apply a *res judicata* effect to the Maryland order, this Court reasons that that effect would be the more limited one, precluding relitigation of the venue provision in the parties' contract. *See Interlink*, 405 A.2d at 317 ("The application of the doctrine is more limited in these latter situations, in that only the relitigation of the precise issue adjudged is precluded . . . .").

Defendant Hypower urges the Court not to focus on the part of the Maryland order granting its motion to dismiss based on venue and instead to concentrate just on that part of the order dismissing the Maryland action "with prejudice." D.E. 9 at 1-2. In making this argument, Hypower does not contend that the Maryland court actually reached the merits of Citiroof's claim, nor could it, given that the Maryland court quite clearly based its decision upon consideration of the "sole issue raised by the Motion to Dismiss," venue. *See* D.E. 7-2. Instead, Hypower points to a line of cases holding that a dismissal "with prejudice" is entitled to preclusive effect.

But none of the cases cited by Hypower concern dismissals on venue grounds, and all are distinguishable as either involving voluntary stipulations of dismissal with prejudice signed by all

parties[2] or dismissals with prejudice when a plaintiff essentially abandoned prosecution of her claim mid-trial.[3] In fact, one of Defendant's cited cases expressly held that while a "dismissal with prejudice is a final adjudication," it is "fundamental that an action can be finally adjudicated over objection of the plaintiff only after a hearing on the merits or through imposition of sanction for default or conduct proscribed by law." *Byron Lasky & Assocs., Inc. v. Cameron-Brown Co.*, 364 A.2d 109, 112 (Md. Ct. Spec. App. 1976). Neither has occurred here.

Nor does the Court find merit in Hypower's suggestion that Citiroof was required to pursue reconsideration or appeal of the Maryland order before filing his case in this Court. The parties agree that the Maryland order was a final, appealable order under Maryland law. *See* D.E. 8 at 3; D.E. 9 at 2-3; *see also Wilde v. Swanson*, 548 A.2d 837, 840 (Md. 1988). Whether a venue-based dismissal is appealable, though, has no bearing on whether Plaintiff's claims have been adjudicated on the merits. As noted above, the most that Citiroof's failure to seek reconsideration or appeal of the Maryland order amounts to is a concession that the forum clause of the parties' contract precludes venue in Harford County, Maryland.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** Defendant Hypower, Inc.'s Motion to Dismiss Complaint with Prejudice [D.E. 7] is **DENIED**. Because the case may proceed, Defendant Hypower, Inc.'s Motion to Stay Discovery Pending Resolution of Motion to Dismiss

---

[2] *Claibourne v. Willis*, 702 A.2d 293, 297 (Md. 1997); *Langhoff v. Michael E. Marr, P.C.*, 568 A.2d 844, 846-47 (Md. Ct. Spec. App. 1990) *vacated on other grounds by Michael E. Marr, P.C. v. Langhoff*, 589 A.2d 470, 474-75 (Md. 1991).

[3] *Bodnar v. Brinsfield*, 483 A.2d 1290, 1297-98 (Md. Ct. Spec. App. 1984).

[D.E. 14] is **DENIED AS MOOT**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 18th day of March 2012.

                                                              _____
                                                              ROBIN S. ROSENBAUM
                                                              UNITED STATES DISTRICT JUDGE

copies to:
The Honorable Barry S. Seltzer

Counsel of record